UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MIGUEL A. MARTINEZ,

                           Plaintiff,

v.

                           Case # 17-CV-6036-FPG

COMMISSIONER OF SOCIAL SECURITY,

                           DECISION AND ORDER

                           Defendant.

Miguel A. Martinez brings this action pursuant to the Social Security Act seeking review of the final decision of the Acting Commissioner of Social Security that denied his application for Disability Insurance Benefits ("DIB") under Title II of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. § 405(g).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 15, 17. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

**BACKGROUND**

On August 12, 2013, Martinez protectively applied for DIB with the Social Security Administration ("SSA"). Tr.[1] 162-65. He alleged disability since October 31, 2009, due to a back injury, an inability to concentrate, and depression. Tr. 27. On June 8, 2015, Martinez and a vocational expert ("VE) appeared and testified via videoconference at a hearing before Administrative Law Judge Roxanne Fuller ("the ALJ"). Tr. 45-75. On September 25, 2015, the ALJ issued a decision finding that Martinez was disabled within the meaning of the Act from

---

[1] "Tr." refers to the administrative record in this matter.

December 29, 2009 through May 12, 2014, but that his disability ended on May 13, 2014. Tr. 16-44. On November 16, 2016, the Appeals Council denied Martinez's request for review. Tr. 1-7. Thereafter, Martinez commenced this action seeking review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ

proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. 20 C.F.R. § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

# DISCUSSION

## I. The ALJ's Decision

The ALJ's decision analyzed Martinez's claim for benefits under the process described above. At step one, the ALJ found that Martinez had not engaged in substantial gainful activity since December 29, 2009. Tr. 24. At step two, the ALJ found that from December 29, 2009, through May 12, 2014, Martinez had degenerative disc disease, which constituted a severe impairment. Tr. 24-26. At step three, the ALJ found that this impairment did not meet or medically equal a Listings impairment. Tr. 26.

Next, the ALJ determined that from December 29, 2009 through May 12, 2014, Martinez retained the RFC to perform sedentary work[2] with additional limitations. Tr. 26-37. Specifically, the ALJ found that Martinez could occasionally climb ramps and stairs but could not climb ladders, ropes, or scaffolds; could occasionally balance, stoop, crouch, kneel, and crawl; could frequently reach with his left non-dominant arm; could frequently handle and finger objects with both hands; could sit for one hour with one to five minutes of standing or walking between periods of sitting; and would be off-task 20% of the workday. Tr. 26.

At steps four and five, the ALJ determined that from December 29, 2009 through May 12, 2014, Martinez could not perform his past relevant work or adjust to other work that existed in significant numbers in the national economy given his RFC, age, education, and work experience. Tr. 33-34. Accordingly, the ALJ concluded that Martinez was disabled under the Act from December 29, 2009 through May 12, 2014. Tr. 34.

---

[2] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a).

4

The ALJ then conducted the analysis required to determine whether Martinez's impairment improved medically. Tr. 34-35; *see also* 20 C.F.R. § 404.1594(b). The ALJ found that medical improvement occurred as of May 13, 2014, which is related to Martinez's ability to work because it increased his RFC. Tr. 35. The ALJ then went through the disability analysis again and found that as of May 13, 2014, Martinez had degenerative disc disease and carpal tunnel syndrome, which constitute severe impairments. *Id.* The ALJ found that these impairments, alone or in combination, do not meet or medically equal a Listings impairment. *Id.*

Specifically, as of May 13, 2014, the ALJ determined that Martinez can perform sedentary work with additional limitations. Tr. 35-38. The ALJ found that Martinez can occasionally climb ramps and stairs but cannot climb ladders, ropes, or scaffolds; can occasionally balance, stoop, crouch, kneel, and crawl; can frequently reach with his left non-dominant arm; can frequently handle and finger objects with both hands; and can sit for one hour with one to five minutes of standing or walking between periods of sitting. Tr. 35.

At step four, the ALJ again found that Martinez cannot perform his past relevant work. Tr. 38. At step five, however, the ALJ found that Martinez can adjust to other work that exists in significant numbers in the national economy given his RFC, age, education, and work experience. Tr. 39-40. Specifically, the VE testified that Martinez could work as a surveillance system monitor, food and beverage order clerk, and lens inserter. Tr. 39. Accordingly, the ALJ concluded that Martinez's disability ended on May 13, 2014. Tr. 40.

**II.     Analysis**

Martinez argues that remand is required because the ALJ improperly concluded that there was a medical improvement in his impairment.[3] ECF No. 15-1 at 16-22. The Court agrees.

---

[3] Martinez makes another argument in support of his motion. *See* ECF No. 15-1 at 16-22. The Court does not consider that argument because the ALJ committed a legal error that requires remand.

Once the Commissioner determines that a claimant's impairment renders him disabled, the "claimant is entitled to a presumption that the classification will not change unless the condition, governing statutes, or regulations change." *Nascimento v. Colvin*, 90 F. Supp. 3d 47, 53 (E.D.N.Y. 2015) (quoting *Carbone v. Astrue*, No. 08-CV-2376, 2010 WL 3398960, at *12 (E.D.N.Y. Aug. 26, 2010)). Consequently, if the Commissioner concludes that a claimant is disabled for a closed period, that conclusion "must be demonstrated by substantial evidence of medical improvement in the claimant's impairment or combination of impairments such that the claimant is now able to engage in substantial gainful activity." *Id.* (citing *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002)); *see also* 20 C.F.R. § 404.1594(a) ("We must determine if there has been any medical improvement in your impairment(s) and, if so, whether this medical improvement is related to your ability to work.").

A "medical improvement" is "any decrease in the medical severity of [the claimant's] impairment(s) which was present at the time of the most recent favorable medical decision that [the claimant was] disabled or continued to be disabled." 20 C.F.R. § 404.1594(b)(1). An ALJ's conclusion that that there has been a medical improvement, or a decrease in the medical severity of an impairment, "must be based on improvement in the symptoms, signs, and/or laboratory findings associated with [the claimant's] impairment(s)." *Id.* In other words, the ALJ must compare the current medical severity of a claimant's impairment to the medical severity of that same impairment at the time of the most recent favorable medical decision. *Veino*, 312 F.3d at 586-87 (citing 20 C.F.R. § 404.1594(b)(7)). The "most recent favorable medical decision" is the "latest[, final] decision involving a consideration of the medical evidence and the issue of whether [the claimant was] disabled or continued to be disabled[.]" 20 C.F.R. § 404.1594(b)(7).

Here, the ALJ determined that Martinez's impairment—degenerative disc disease—medically improved such that his disability ended as of May 13, 2014. Tr. 35. The Court finds it instructive to show the ALJ's reasoning in support of this decision in its entirety:

> The claimant's record indicates that he started consistent[ly] doing aqua therapy for his back pain symptoms in March of 2014. A record from Rochester Brain and Spine, dated May 13, 2014, shows that aqua therapy had decreased his pain, increased his range of motion, relieved his tightness, and improved his strength. He still had occasional pain in his lower back that radiated to his lower extremities, but his treatments were providing him with relief. The claimant reported that he occasionally used his TENS unit[4] and applied heat for temporary relief. However, he only used his back brace [] as needed, which suggests that his back pain had become more intermittent and less severe. [Tr. 384-87]. Thus, I find that medical improvement occurred as of this date.

Tr. 35.

There are two issues with the ALJ's conclusion. First, as the regulations above state, the ALJ must "compare the current medical severity of a claimant's impairment to the medical severity of that same impairment at the time of the most recent favorable medical decision." 20 C.F.R. § 404.1594(b)(7). In the ALJ's decision, she states only that Martinez's pain "decreased" and became "more intermittent" and "less severe," his range of motion "increased," tightness in his back was "relieved," and that his strength "improved." Tr. 35. However, she fails to compare the medical severity in May of 2014—the current medical severity—to the medical severity of Martinez's impairment at the time of his most recent favorable decision. In fact, the ALJ compares the May 2014 record to nothing at all. Consequently, the Court cannot conduct a meaningful review of her conclusion.

Second, even if the ALJ had done the required comparison, her decision is not supported by substantial evidence. She bases her conclusion on one four-page record of an examination

---

[4] "TENS, or transcutaneous electrical nerve stimulation, is a back pain treatment that uses low voltage electric current to relieve pain." Tyler Wheeler, MD, <u>TENS for Back Pain</u>, WebMD (Oct. 24, 2017), https://www.webmd.com/back-pain/guide/tens-for-back-pain (last visited Sept. 28, 2018).

7

conducted on one date. Granted, the record contains evidence of purported improvements in symptoms, but there are no supporting signs or laboratory findings to bolster her conclusion. The Court does not suggest that an ALJ is required to show improvement in all three categories; indeed, § 404.1594(b)(1) contains a disjunctive conjunction—"or"—in addition to "and," suggesting that the ALJ may conclude that there was a medical improvement based on one of three categories: symptoms, signs, *or* laboratory findings. However, the Court is cannot conclude that improved symptoms on one date constitutes substantial evidence.

The Court's conclusion is further supported by the fact that the May 2014 record contains findings that contradict the ALJ's conclusion. Clifford J. Ameduri, M.D., who treated Martinez since at least September 2012, *see* Tr. 29, also noted in the May 2014 record that Martinez had "popping in the lower back;" that he complained of "stabbing, throbbing, and tingling pain" in the lumbar region with "shooting pain as well as numbness and tingling pain radiating" into his toes; Martinez's pain was eight on a scale of one to ten; and he appeared to be "in moderate-severe distress" and was "uncomfortable sitting." Tr. 384-85.

The latter two findings are particularly significant. Later in her decision, the ALJ noted that Martinez did not appear in distress at exams in January and March 2015, which "contrast[s] greatly with earlier records, which show that he appeared to be in moderate[-]to[-]severe distress during his medical appointments." Tr. 36; *see also* Tr. 30 (Martinez appeared to be in "moderate-severe distress" in November 2013, when he was disabled); Tr. 31 (identical finding in December 2013). Martinez also appeared uncomfortable while sitting during the period in which the ALJ found him disabled. Tr. 29 (September 2012); Tr. 30 (November 2013).

In sum, the ALJ failed to follow the regulations in determining that Martinez's impairment had medically improved and, even if she had, her conclusion that Martinez's impairment improved medically is not supported by substantial evidence.

## CONCLUSION

Plaintiff's Motion for Judgment on the Pleadings, ECF No. 15, is GRANTED, the Commissioner's Motion for Judgment on the Pleadings, ECF No. 17, is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000); 42 U.S.C. § 1383(c)(3). Because Plaintiff filed his application over five years ago, the Court directs the Commissioner to expedite its review of this matter. The Clerk of Court will enter judgment and close this case.

IT IS SO ORDERED.

Dated: September 28, 2018
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court